**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4730-18T2

CIT BANK, N.A.,

      Plaintiff-Respondent,

v.

RONALD WEAKLY,

      Defendant-Appellant,

and

MRS. RONALD WEAKLY,
his wife,

      Defendant.

_____

Submitted August 4, 2020 – Decided August 18, 2020

Before Judges Rothstadt and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-030884-15.

Ronald Weakly, appellant pro se.

Parker Ibrahim & Berg LLP, attorneys for respondent (Scott W. Parker and Karena J. Straub, on the brief).

PER CURIAM

This matter comes before us for a second time. In our prior opinion, we vacated the Chancery Division judge's denial of defendants Ronald Weakly and Mrs. Ronald Weakley's motion to vacate default and entry of final judgment in foreclosure. We remanded the matter and directed the trial judge to reconsider defendants' motion and provide a written or oral statement of reasons in conformity with Rule 1:7-4. CIT Bank, N.A. v. Weakly, No. A-4272-15 (App. Div. Nov. 1, 2017) (slip op. at 4). In accordance with our mandate, on November 8, 2017, the trial court entered an order denying defendants' motion to vacate default and provided a statement of reasons.

Defendant Ronald Weakly[1] now appeals from the trial court's September 28, 2018 order granting summary judgment to plaintiff CIT Bank, N.A. Following our review of the record and applicable law, we affirm.

I.

We discern the following facts from the record. On April 16, 2004, defendant executed an adjustable rate promissory note, with a principal amount

---

[1] Defendant, Mrs. Ronald Weakly, is not participating in this appeal. Therefore, we refer to Ronald Weakly as defendant in this opinion.

A-4730-18T2

of $142,700 and an initial yearly interest rate of 1.25%, with a cap of 9.95%, in favor of IndyMac Bank, FSB (IndyMac) to secure real property located in Manahawkin. The note matured on May 1, 2034 and was secured by a mortgage dated April 16, 2004, which was duly recorded.

On June 26, 2007, IndyMac offered to permanently modify the terms of the loan. On August 16, 2007, IndyMac modified the terms of the loan by execution of a modified note that reduced the principal to $135,898.57. The amended note provided for an initial interest rate of 6.375% with a maximum cap of 11.35%. No amended mortgage was executed or recorded.

On February 17, 2010, the Federal Deposit Insurance Corporation (FDIC), as receiver for IndyMac, assigned the mortgage to OneWest Bank, FSB. The assignment was recorded on March 19, 2010. On April 11, 2011, a duplicate assignment of mortgage was recorded whereby the FDIC assigned all of its rights to the subject mortgage to plaintiff a second time. Plaintiff was formerly known as OneWest Bank, N.A. and OneWest Bank, FSB.

On May 6, 2015, plaintiff sent a notice of default and Notice of Intent (NOI) to foreclose to defendant. The notice stated defendant had not made a monthly payment since March 1, 2015, and advised he could cure his default if he paid $4,287.98 within thirty-five days.

A-4730-18T2

On September 9, 2015, plaintiff filed a complaint in foreclosure based on defendant's default. Defendant did not file an answer. On December 11, 2015, the trial court entered default against defendant. Plaintiff then submitted its application for final judgment on March 7, 2016. Annexed to the motion was a certification of amount due. On March 14, 2016, while plaintiff's application for final judgment was pending, defendant moved to vacate default.

In his motion to vacate default, defendant alleged plaintiff lacked standing to proceed because it could not establish possession of the original note, which he claimed was "voided." Defendant also contended the mortgage assignments were forged and therefore invalid. In its November 1, 2017 statement of reasons, the trial court determined that the note was "[a]mended and [r]estated" on June 26, 2007, and "did not change the [thirty]-year term." The court concluded the certification of amount due was "adequate" under Rule 1:6-6 and Rule 803(c)(6). Additionally, the court found plaintiff had standing because it established "possession of the original note as well as a recorded assignment."

On December 1, 2017, plaintiff filed an amended complaint to include the loan modification history. Thereafter, plaintiff moved for summary judgment, which was unopposed by defendant. However, the trial court "attempted to glean defenses from [d]efendant[']s previous pleadings" asserted in his answer

4                                                                                    A-4730-18T2

and motion to vacate final judgment. On September 28, 2018, the trial court granted plaintiff's motion for summary judgment, struck defendant's contesting answer and affirmative defenses, and returned the matter to the Foreclosure Unit to proceed as an uncontested matter. The trial court concluded the amended note did not void the original note and mortgage and that plaintiff established its prima facie right to foreclose. The court also concluded that plaintiff had standing to foreclose by virtue of the recorded assignment and as the holder of the note. On May 16, 2019, the trial court entered a final judgment of foreclosure. This appeal ensued.

On appeal, defendant contends the trial court erred in granting summary judgment because: (1) there was no evidence plaintiff sent him the NOI; (2) plaintiff lacked standing because the original note and mortgage were voided when IndyMac gave defendant a new loan; and (3) plaintiff failed to authenticate the foreclosure documents.

## II.

Summary judgment should be granted if a trial court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the trial court's decision de novo and afford its ruling no special deference. Templo

Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Defendant challenges plaintiff's right to foreclose alleging there was no evidence plaintiff sent him the NOI. He claims plaintiff did not: (1) provide a certified mail receipt evidencing postage was paid; (2) prove the NOI was deposited in a proper mail receptacle; (3) provide a return receipt card confirming receipt; or (4) provide other United States Postal Service (USPS) tracking information.

Rule 4:4-4(a) provides: "The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State . . . ." In relying upon plaintiff's certification of inquiry, the trial court found a private process server attempted service on defendant at the property "multiple times from September 23, to September 29, 2015, without success." A skip trace, New Jersey motor vehicle search, and a Lexis public records search confirmed the Manahawkin

residence was defendant's current address. And, a postal inquiry revealed that defendant received his mail at the Manahawkin address. After plaintiff's attempts to serve defendant personally were unsuccessful, service of the summons and complaint by mail was effectuated on October 2, 2016.

Rule 4:4-4(c) provides for "optional service by mail on defendants present within the State" and "will result in in personam jurisdiction." Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on Rule 4:4-4 (2020). Moreover, there is a legal presumption of proper mailing that can be invoked by proof: "(1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office." SSI Med. Servs., Inc. v. Dep't of Human Servs., 146 N.J. 614, 621 (1996).

Here, the record shows defendant acknowledged receipt of the summons and complaint at the Manahawkin residence. Moreover, the trial court noted the "significant efforts" undertaken by plaintiff to confirm defendant's whereabouts. Therefore, we reject defendant's argument that plaintiff failed to comply with the notice requirements of the Fair Foreclosure Act (FFA)[2] and summary judgment was properly granted to plaintiff.

---

[2] N.J.S.A. 2A:50-56.

Plaintiff also argues the trial court erred in granting summary judgment because plaintiff lacked standing after IndyMac gave him a "new loan," which voided the original note and mortgage. Defendant further asserts that the duplicate assignment of the FDIC into OneWest invalidated the lien and assignment to OneWest. We disagree.

"The issue of standing presents a legal question subject to our de novo review." Courier-Post Newspaper v. Cty. of Camden, 413 N.J. Super. 372, 381 (App. Div. 2010) (citation omitted). Our Supreme Court defines standing broadly and does not restrict New Jersey courts to the rigid "case or controversy" requirement under Article III, § 2 of the United States Constitution. Salorio v. Glaser, 82 N.J. 482, 490 (1980). The New Jersey Constitution "contains no analogous provision limiting the subject-matter jurisdiction of the Superior Court." Id. at 491 (citing N.J. Const. art. IV, § 3, ¶ 2). New Jersey courts remain "free to fashion [their] own law of standing consistent with notions of substantial justice and sound judicial administration." Ibid.

Rule 4:26-1 "is ordinarily determinative of standing to prosecute an action." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 4:26-1 (2020). Rule 4:26-1 states, "Every action may be prosecuted in the name of the real party in interest . . . ." New Jersey courts "have traditionally taken a

A-4730-18T2

generous view of standing in most contexts." In re New Jersey State Contract A71188, 422 N.J. Super. 275, 289 (App. Div. 2011) (citations omitted).

> Without ever becoming enmeshed in the federal complexities and technicalities, [New Jersey courts] have appropriately confined litigation to those situations where the litigant's concern with the subject matter evidenced a sufficient stake and real adverseness. In the overall [New Jersey courts] have given due weight to the interests of individual justice, along with the public interest, always bearing in mind that throughout [their] law [they] have been sweepingly rejecting procedural frustrations in favor of "just and expeditious determinations on the ultimate merits."
>
> [Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107-08 (1971) (citations omitted).]

"A financial interest in the outcome ordinarily is sufficient to confer standing." EnviroFinance Group, LLC v. Envtl. Barrier Co., LLC, 440 N.J. Super. 325, 340 (App. Div. 2015) (citation omitted). Rule 4:34-3 states, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court on motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

Here, as noted by the trial court, the February 17, 2010 assignment from the FDIC to OneWest served to "convey, grant, sell, assign transfer and set over . . . all liens, and any rights due or to become due thereon[.]" The assignment of a mortgage includes:

9

the transfer of the totality of the mortgagee's rights, that is, his right to the debt as well as to the lien securing it, and . . . that when one in terms assigns a mortgage, he intends, not an effective transfer of his rights as creditor against the land, but a transfer of his lien alone, which is an absolute nullity, not only ignores this ordinary use of the term "mortgage," but is also in direct contravention of the well[-]recognized rule that an instrument shall if possible be construed so as to give it a legal operation.

[5 Tiffany on Real Property § 1451 (3d ed. 1939); see also 29 Myron C. Weinstein, N.J. Practice, Law of Mortgages § 11.2 at 754 (2d ed. 2001).]

In keeping with well-recognized principles reading the assignment of mortgages, the trial court properly determined that plaintiff had standing to file the complaint because it held defendant's note and by valid assignment of the mortgage. Plaintiff presented evidence of the assignment of the mortgage along with its recording before the foreclosure complaint was filed, satisfying the requirement that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Additionally, defendant has not challenged the assignment to OneWest, and he did not certify that any entity other than plaintiff sought repayment of the mortgage loan during the period that the loan was allegedly in default.

10

Moreover, defendant has not denied that OneWest changed its name to CIT Bank, N.A.

Applying these guiding principles here, defendant never denied signing the loan documents or defaulting on the payments due under the mortgage loan. Where a defendant does not challenge the execution, recording, and nonpayment of the mortgage, a prima facie right to foreclose is established. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952); see also Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993); Cent. Penn Nat'l Bank v. Stonebridge, Ltd., 185 N.J. Super. 289, 302 (Ch. Div. 1982). We discern no merit to defendant's standing argument.

Finally, there is no legal support for defendant's contention that plaintiff failed to authenticate the foreclosure documents. An unsigned modification agreement was annexed to the moving certification of plaintiff's counsel in support of its motion for summary judgment. The modification agreement was proved prima facie genuine; that is the only requirement to establish authenticity under Rule 901. Defendant produced the document in support of his motion to vacate the final judgment of default. We reject as meritless defendant's argument that plaintiff's counsel failed to sufficiently authenticate it. Based on

11

the foregoing, we conclude that the trial court properly granted plaintiff's motion for summary judgment.

To the extent we have not specifically addressed any remaining arguments raised by defendant, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION